Without going further into the case the judgment of the court of common pleas is affirmed.

---

## LIFE INSURANCE COMPANIES.

[Cuyahoga Circuit Court, May 20, 1901.]

Caldwell, Hale and Marvin, JJ.

PHILLIP KELLEY v. D. BENDER ET AL.

1. TRUSTEES OF LIFE INSURANCE COMPANIES NOT FOR PROFIT.

Section 3 of the act of April 25, 1898, Sec. 3631, Rev. Stat., providing that life insurance companies organized without any capital stock, upon the stipulated premium plan, shall be subject only to the provisions of such act excepting certain provisions of Chap. 8, Tit. 3, part 1, and Chap. 10, Tit. 2, part 2, Rev. Stat., applicable thereto, does not include Sec. 3261, Rev. Stat., relating to the liability of trustees of corporations not for profit. Therefore, trustees of suc corporations are not personally liable for death losses upon policies issue by the company while they were in office.

2. RULE OF CONSTRUCTION—EVIDENCE OF INTENTION TO EXCLUDE.

Section 2 of the act of April 25, 1898, making provision for the protection of policy holders of life insurance companies organized upon the stipulated premium plan, and Sec. 6 of the same act making provision for a reserve fund, clearly show the intention of the legislature to compel policy holders and beneficiaries thereunder to trust to the companies and the protection afforded them under the act itself, without making the trustees personally liable for losses thereunder.

HEARD ON ERROR.

*F. E. Stevens*, for plaintiff in error.
*Bentley & Vickery*, for defendant in error.

MARVIN, J.

But one question is raised in this case, and that arises upon the sustaining by the trial court of the demurrer to the petition of the plaintiff. That question is as to whether the trustees of a life insurance company organized under the act of the general assembly, passed April 25, 1898, Secs. 3631–24, Rev. Stat., *et seq.*, and found in 93 O. L., 343, are personally liable for a death loss upon a policy issued by the company while they were in office as such trustees.

It is urged that they are so liable because, it is said, that such an insurance company is a corporation not for profit and that, therefore, the provisions of Sec. 3261, Rev. Stat., apply.

This sections reads:

"The trustees of a corporation created for a purpose other than profit, shall be personally liable for all debts of the corporation by them contracted."

The act under which the company was organized, of which these defendants are trustees, provides for the organization of a life insurance company without any capital stock, and that its business shall be managed by a board of trustees.

In Sec. 3 of this act, 93 O. L., 343 [Bates Rev. Stat., Sec. 3631–26], this provision is made:

Such companies "shall be subject only to the provisions of this act, excepting that the provisions of chapter 8, title 3, part one, and of chapter 10, title 2, part 2, of the Revised Statutes, shall be applicable so far as the same are not inconsistent with the provisions of this act."

As Sec. 3261 is not found either in the act under which this corporation is organized or in that portion of the statutes which is mentioned in the section above quoted from, it would seem to follow that it has no application to this corporation; but it is urged that even if this be so, it still applies to the *trustees* of such corporation.

Doubtless Sec. 3261 was enacted because of the provision in our state constitution, Art. 13, Sec. 3, which reads:

"Dues from corporations shall be secured by such individual liability of the stockholders, and other means, as may be prescribed by law; but, in all cases, each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock."

Since corporations not for profit, are authorized to be organized without any capital stock, the legislature found it necessary, in order to comply with this mandate of the constitution, to make provisions for the protection of the creditors of such corporation and hence enacted Sec. 3261, Rev. Stat.

The statute under which *this* corporation is organized, makes provision in Sec. 2, 93 O. L., 343 [Bates Rev. Stat., Sec. 3631–25], for the protection of policy-holders, in these words:

"Every corporation incorporating or reincorporating under the provisions of this act, shall deposit with the superintendent of insurance in such securities as are required by law to be deposited by insurance companies, the sum of five thousand dollars within one year after the date of such incorporation or reincorporation, and such incorporation shall each year thereafter, upon filing its annual statement, deposit in like securities with the superintendent of insurance, the sum of two thousand dollars on each million of insurance in force for the last calendar year, as shown by its said annual statement, until the sum of one hundred thousand dollars shall have been deposited. The securities deposited with the insurance department pursuant to this section shall be held by the superintendent in trust for the benefit and protection of and as security for the policy-holders of such corporation, their legal representatives and beneficiaries."

By Sec. 6 of the act 93 O. L., 343 [Bates Rev. Stat., Sec. 3631–29], a reserve fund is also provided.

We think it clear that it was not the intention of the legislature, that the trustees of such a corporation should be *personally* liable for payment of the policies, but that the policy holders and the beneficiaries under such policies, must trust to the companies and the protection afforded them under the provisions of the act itself.

Kelley v. Bender.

To say that the corporations are subject only to the provisions of this act and the statutes which this act provides such corporations shall be subject to, and yet that the trustees of such corporations are subject to the provisions of other statutes, would seem to be very technical. To hold otherwise, would be practically to make the act wholly inoperative, for it can hardly be conceived that any man not hopelessly insolvent, could be found to act as trustee for any such corporation if he were to be held personally liable for all losses under policies issued by the corporation.

The judgment of the court of common pleas is affirmed.